Filed 11/1/22  Mitchell v. Wigeri Van Edema CA3

<u>NOT</u> <u>TO</u> <u>BE</u> <u>PUBLISHED</u>

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

# IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

# THIRD APPELLATE DISTRICT

(Yolo)

----

| | |
|---|---|
| KRISTA MITCHELL, | C094757 |
| Plaintiff and Appellant, | (Super. Ct. No. CV20210248) |
| v. | |
| DAWN WIGERI VAN EDEMA et al., | |
| Defendants and Respondents. | |

Plaintiff Krista Mitchell sued defendants Dawn Wigeri Van Edema, et al. ("defendants") for "menacing conduct" that interfered with the enjoyment of her rental dwelling.  The trial court granted defendants' special motion to strike the complaint pursuant to Code of Civil Procedure section 425.16, California's anti-SLAPP statute.[1]  Later, the trial court awarded attorney's fees and costs to defendants.  On appeal, plaintiff

---

[1] SLAPP is an acronym for " 'strategic lawsuits against public participation.' " (*Navellier v. Sletten* (2002) 29 Cal.4th 82, 85; see *id.* at p. 85, fn. 1.)

1

challenges the trial court's rulings. Regarding the appeal of the anti-SLAPP motion, we agree with defendants that we must dismiss it as untimely.

And while plaintiff's appeal from the fees and costs order was timely, that was a separate appealable "order made after a judgment" (i.e., the anti-SLAPP order) that does not cure the untimeliness of the notice of appeal as to the anti-SLAPP order. (See *Ellis Law Group, LLP v. Nevada City Sugar Loaf Properties, LLC* (2014) 230 Cal.App.4th 244, 251.) We will affirm the fees and costs order because plaintiff provides no argument on it.

## I. BACKGROUND

In February 2021, plaintiff filed a civil action for damages against defendants. Defendants filed an anti-SLAPP motion. By order filed on May 10, 2021, the trial court granted defendants' motion. Defendants served plaintiff with a "Notice of Entry of Judgment or Order" form (attaching the May 10 order) on May 14, 2021.

On August 5, 2021, in a document captioned "JUDGMENT OF DISMISSAL WITH AWARD OF FEES AND COSTS," the trial court awarded over $57,000 in attorney's fees and costs to defendants. On August 27, 2021, plaintiff filed a notice of appeal, indicating she was appealing the fees and costs order entered on August 5, 2021.

## II. DISCUSSION

Plaintiff asks us to vacate the trial court's ruling granting the anti-SLAPP motion, and the trial court's award of attorney's fees and costs. But plaintiff's briefing on appeal contains no discussion of the trial court's fees and costs award. Accordingly, plaintiff has forfeited any challenge to that award. (See *In re Marriage of Falcone & Fyke* (2008) 164 Cal.App.4th 814, 830.)

Defendants: (1) address the merits of plaintiff's arguments on appeal regarding the anti-SLAPP motion; and (2) contend the appeal "is untimely and should be dismissed." Plaintiff provides no response to defendant's "untimeliness" argument in her reply brief.

While the notice of appeal was timely as to the fees and cost award, we agree the appeal is untimely as to the underlying order granting the anti-SLAPP motion.

" 'If a notice of appeal is filed late, the reviewing court must dismiss the appeal.' (Cal. Rules of Court, rule 8.104(b).)[2]  'The time for appealing a judgment is jurisdictional; once the deadline expires, the appellate court has no power to entertain the appeal. [Citation.]' [Citation.]  Thus, ' "an aggrieved party must file a timely appeal or forever lose the opportunity to obtain appellate review." ' [Citation.]  [¶]  Rule 8.104 provides the relevant deadlines:  Unless a statute or court rule provides otherwise, a notice of appeal must be filed on or before the *earlier* of 60 days after service by the superior court clerk of a filed-endorsed copy of the judgment, or 60 days after notice of entry of the judgment is served by a party.  (Rule 8.104(a)(1)(A)-(B).)   For purposes of this rule, ' "judgment" includes an appealable order.' (Rule 8.104(e).)" (*Marshall v. Webster* (2020) 54 Cal.App.5th 275, 279 (*Marshall*), fns. omitted.)

"[A]n order granting a special motion to strike under the anti-SLAPP statute is an appealable order. [Citations.]  Hence, the deadline to appeal an order granting a special motion to strike is 60 days after service by the clerk of a filed-endorsed copy of the order granting the anti-SLAPP motion, or 60 days after notice of entry of that order is served by a party, whichever is earlier.  (Rule 8.104(a)(1), (e).)" (*Marshall, supra*, 54 Cal.App.5th at pp. 279-280.)

Here, the order granting defendant's anti-SLAPP motion was filed on May 10, 2021, and defendants served notice of entry of that order on May 14, 2021.  Accordingly, the notice of appeal from that order had to be filed within 60 days of May 14, 2021, or no later than July 13, 2021.  (*Marshall, supra*, 54 Cal.App.5th at p. 280.)  As plaintiff filed a

---

[2]  Further rule references are to the California Rules of Court.

3

notice of appeal in August 2021, that filing was untimely and we lack jurisdiction to consider the appeal of the May 10, 2021 anti-SLAPP order. (*Id.* at pp. 280-281.)

## III. DISPOSITION

The appeal from the May 10, 2021 order granting the special motion to strike is dismissed. The order granting attorney's fees and costs is affirmed. Defendants are awarded costs on appeal. (Rule 8.278(a)(1), (2).)

/S/

RENNER, J.

We concur:

/S/

DUARTE, Acting P. J.

/S/

EARL, J.